IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV386-MU-1

| | | |
|---|---|---|
| LUTHER LAKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT UHREN, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the Court for an initial review of a Complaint pursuant to 42 U.S.C. §1983, filed October 14, 2009.

In his Complaint Plaintiff alleges that on or about January 8, 2009, he fell when he was getting into a car on his way back from physical therapy for a back injury. Plaintiff alleges that as a result of his fall he is suffering from severe headaches, vision problems, and neck pain. In his Complaint, Plaintiff sets forth allegations detailing his dissatisfaction with the medical care he has received since he fell. Plaintiff names as Defendants Dr. Robert Uhren, the physician at Mountain View Correctional Facility (Mountain View); Dr. Swanson, the assisting physician at Mountain View, and Nurse Beard, a nurse at Mountain View.

To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant

or would be apparent to a reasonable person in defendant's position. <u>Miltier v. Beorn</u>, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). In order to be actionable, a health care provider's actions must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." <u>Bowring v. Godwin</u>, 551 F.2d 44, 48 (4th Cir. 1990)(citation omitted).

Plaintiff admits in his Complaint that since his injury he has been examined on several occasions. Moreover, Plaintiff was prescribed additional medication[1] soon after his injury. In addition, Plaintiff has had an x-ray of the injured area. It thus appears that Plaintiff disagrees with the course of treatment decided upon by Defendants. As already indicated, disagreements between a healthcare provider and an inmate over the proper course of treatment is not sufficient to support a claim of deliberate indifference and questions of medical judgment are not subject to judicial review. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985). Consequently, based upon the facts submitted by Plaintiff himself, this Court concludes that, at the very most, Plaintiff was the recipient of negligent medical care.[2] Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986)(inadequate treatment due to negligence, inadvertence, or differences in judgment

---

[1] Plaintiff acknowledges that he was already on a narcotic medication at the time of his fall. From comments Plaintiff himself attributes to these defendants it appears to the Court that they were concerned about drug interaction and too many narcotics.

[2] Plaintiff indicates that on May 5, 2009, he filed a Complaint in North Carolina State Court against these same defendants and that such Complaint was dismissed on May 12, 2009.

between an inmate and medical personnel does not rise to the level of a constitutional violation). Therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

Signed: October 23, 2009

Graham C. Mullen
United States District Judge